IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY L. REYNOLDS,

        Petitioner,

vs.                               No. CIV 94-1157 M/LFG

JOE WILLIAMS,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Gary L. Reynolds ("Reynolds"), currently confined in the Western New Mexico Correctional facility located at Grants, New Mexico, challenges the Judgment and Sentence entered by the Second Judicial District Court in *State v. Reynolds*, No. CR 92-1728 (County of Bernalillo, New Mexico). A jury found Reynolds guilty of shoplifting (more than $250) and conspiracy to commit shoplifting (more than $250). Reynolds was also found to be a habitual offender. Reynolds was sentenced to two eighteen-month sentences, which ran consecutively, for a total of three years. This sentence was enhanced by a term of eight years for his habitual time. Reynolds, therefore, received a total term of incarceration of eleven years. The judge suspended three years of the basic sentence and he was placed on one year of parole following his release from prison.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

**Background**

Reynolds, along with a woman named Kathleen Tucker, was arrested for shoplifting at a Target store located at Eubank and Lomas in Albuquerque, New Mexico on August 10, 1992. Carol Stevens ("Stevens"), a Target employee assigned to work in the camera and sound department testified that she helped a couple who were looking at a Sony CD stereo player. The Sony was priced at $269.99. Stevens volunteered to ring up the item, but the couple declined and indicated they had more shopping to do.

Stevens testified that the prices for merchandise are not set locally, but are set by the Target corporate office. Stevens testified that Target has a national pricing policy whereby if a competitor advertises the identical item for less than the Target price, Target will honor the lower price. To receive the lower price, the customer must bring in the advertisement. Stevens testified that the Sony CD player was not on sale and was priced at $269.99. The couple made no mention of a coupon or advertisement from another merchandiser nor did they show her an advertisement when looking at the CD player.

Also testifying was Richard Ortiz ("Ortiz"). Ortiz was assigned to work the customer service/cashier. He described seeing a man and a woman pass by him some time between nine and nine-thirty with a stereo in their shopping cart. The woman indicated that they were doing an exchange. Ortiz told them to go to the customer service desk. Ortiz testified that instead of going to the customer service desk, he saw them walk out the store entrance. He overheard the man tell the woman it was an even exchange. Ortiz checked with the service desk attendant and was told that no exchange transaction had taken place. In turn, Ortiz told the customer service manager that he thought the couple had taken the CD player without paying. Ortiz also described the Target pricing

policy and stated that the item taken cost approximately $270.

Kevin Carr ("Carr"), the assistant manager, testified that Ortiz reported the possible theft. Carr had the customer service manager verify whether the stereo had been paid for in the camera/sound department. Subsequently, Carr went outside with Vince Galvez ("Galvez"), the Target security officer, and they stopped the couple from leaving the parking lot. The woman dropped the CD player. Galvez picked it up. Eventually they were caught and taken inside until the police arrived.

Galvez described being told of a possible walk out with merchandise and of his efforts to pursue the couple. Galvez took their photo, as well as one of the CD player. Galvez examined the store receipts to check if the player had in fact been purchased. The store receipts indicated there had been no such purchase. The price of the item taken was $269.99.

Finally, APD Officer Solis ("Solis") testified that he received a call about a shoplifting at the Target store. He met with Target employees, took statements and met with the couple. Solis stated that he read them their rights and that Reynolds told him he took the item and had no intention of paying. The woman admitted to the same, but said that Reynolds carried the CD player out of the store.

### **Findings**

1. Reynolds presents the following grounds for review:

   Ground One:   Reynolds was denied his Sixth Amendment right to effective assistance of counsel at trial.

   Ground Two:   Reynolds was denied his Sixth Amendment right to effective assistance of counsel on appeal by his counsel's failure to research

       effectively and advocate his appellate issues.

  Ground three:  Whether Reynolds' due process rights were violated when he was sentenced in violation of state law, to a period of parole that did not run concurrent with his sentence as a habitual offender.

  2. As a threshold matter, the Court must determine whether Reynolds meets the exhaustion requirement of 28 U.S.C. § 2254. "The exhaustion requirement reflects a policy of comity whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity To correct any alleged constitutional violation." *Hernandez v. Starbuck,* 69 F.3d 1089, 1091 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1855 (1996). The new habeas provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") do not apply because Reynolds filed his petition before the effective date of the Act. With respect to grounds one and two, Respondent concedes, and this Court finds, that Reynolds had exhausted his available state remedies and those grounds are properly before the Court.

  Turning to Reynolds third ground, the Court record indicates that Respondent was ordered to produce the record relating to this allegation and to set forth Respondent's position on exhaustion, briefing the issue if necessary. The docket indicates that Respondent did not respond to the order. The Court construes the failure to respond as a waiver of any exhaustion argument.

  3. Reynolds claims, through ground one, that he was denied his Sixth Amendment right to effective assistance of counsel.

  4. To prevail on a claim of ineffective assistance of counsel, Reynolds must show the following:

> To succeed with a claim of ineffective assistance of counsel, a defendant must demonstrate "his attorney's performance fell below an objective standard of reasonableness, and that but for counsel's deficiencies a reasonable probability exists the proceedings would have resulted in a different verdict. Restated, Petitioner must show his attorney's performance was both substandard and prejudicial to his defense, taking into account the strength of the government's case. Trial strategies necessarily evolve without the benefit of hindsight. Accordingly, we afford a high deference to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. The ultimate inquiry, of course, focuses "`on the fundamental fairness of the proceeding.'"

*United States v. Maxwell*, 966 F.2d 545, 547-548 (10th Cir.), *cert. denied*, 506 U.S. 1039 (1992) (quoting *United States v. Miller*, 907 F.2d 994, 997 n.6 (10th Cir. 1990)(citations omitted). "Neither hindsight nor success is the measure. Effective assistance does not mean victorious or flawless counsel." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). "For counsel's [decision] to rise to the level of constitutional ineffectiveness, the decision...must have been `completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1881 (1996)(quoting *United States v. Ortiz Oliveras*, 717 F.2d 1,3 (1st Cir. 1983)). The Petitioner must satisfy both prongs of the analysis. The Court, may, nonetheless, examine the prejudicial prong first and the failure to meet this element obviates the need for additional inquiry. *Yarrington v. Davies*, 922 F.2d 1077 (10th Cir. 1993).

   5. Reynolds argues that trial counsel failed to object to the testimony of Ortiz, the State's witness, on the ground that the prosecutor had not complied with the applicable discovery rules and provided him with a copy of the statement Ortiz gave to Solis. Reynolds attributes this to either trial counsel's ignorance of the discovery rules or his negligence in not bringing this to the attention of the

trial court.

Respondent, on the other hand, argues that counsel was familiar with the applicable discovery rules, and had, in fact, filed a request for discovery, and that the State, in turn, filed its certificate of disclosure.  (Record Proper "RP" at 19, 21).  Respondent contends that no motions were filed seeking disclosure of materials, and the inference can be drawn that complete production was made.  Also, trial counsel's familiarity with the rules of criminal pretrial procedure was evidenced by the filing a motion to suppress.  Respondent argues that Reynolds cannot show that the statement was not disclosed.  Indeed, Reynolds concedes that "the record does not expressly indicate that the state failed to afford a copy of Mr. Ortiz's statement to the defense."  Reynold requested that the court set an evidentiary hearing to further develop the factual basis of his claim.  The court directed Reynolds to file a proffer of the testimony he anticipated to be adduced if an evidentiary hearing were held.  In his proffer, filed April 15, 1997, Reynolds gave no further specifics.

6. Reynold's proffer is conclusory and devoid of factual support.  Conclusory allegations are insufficient to support his claim.  See *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Reynolds moves this Court for an evidentiary hearing.  "To be entitled to a hearing of this claim, [Reynolds] must have alleged facts which, if proven would establish he received ineffective assistance of counsel."  *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir.) *cert. Denied.* 117 S. Ct. 493 (1996).  Here, Reynolds has failed to make a credible allegation that counsel's performance was deficient.

7. Reynolds also argues that trial counsel failed to adequately investigate the price of the shoplifted item by Target competitors.  Reynolds argues that it wasn't enough for counsel to introduce the store's pricing policy.  Reynolds takes the position had trial counsel introduced evidence of a less price Sony CD player then he would have been entitled to a lesser included offense

instruction. Respondent counters that trial counsel did look for a system advertised by a competitor at a lower price, but found none. Counsel states that on the eve of trial, he found a unit for $238, but a Target employee testified that was not the price marked on the unit in August of 1992. Respondent submits that trial counsel did investigate, but that his investigation did not bear fruit favorable to Reynolds.

8. Here, the record belies Reynolds's allegation. Trial counsel did investigate the possibility of establishing a lower price for the stereo, but was unable to do so. Counsel conducted a reasonable investigation, and it is not counsel's fault that the merchandise was not advertised at a lower priced during the relevant time period. In sum, this allegation must fail.

9. Reynolds asserts that he was prejudiced by the cumulative effect of counsel's errors.

10. Based on the Court's conclusion that none of the issues raised by Reynolds could be considered error, the cumulative error analysis does not apply. Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of non-errors. *United States v. Cox*, 83 F. 3d 336, 342 (10th Cir. 1996); *United States v. Rivera,* 900 F.2d 1462, 1471 (10th Cir. 1990).

11. Reynolds claims that his appellate counsel rendered ineffective assistance of counsel. Reynolds takes the position that appellate counsel should have set forth more legal authority in his appellate papers.

12. Respondent counters that appellate counsel not only raised all possible arguments, but also cited to authority. Respondent argues that the claims were weak, however, and that appellate counsel was aware of this. Indeed, appellate counsel cited to *State v. Franklin*, 78 N.M. 127, 428 Plaintiff.2d 982 (1967), for the proposition that counsel was asserting frivolous or otherwise meritless claims when directed to do so by his client.

13.  Reynolds is not specific in alleging what issues should have been raised by appellate counsel.  The gravamen of his contention is that because his appeal was unsuccessful, so too was his counsel's performance.  The denial of his appeal by the State's intermediary court is not per se ineffective assistance of counsel.   The Court finds this allegation without merit.

14.  Lastly, Reynolds asserts that his due process rights were violated when he was sentenced in violation of state law.  Reynolds posits that his term of parole should not have been imposed and that it should have run concurrent with his habitual offender sentence.

15.  The record indicates that Reynolds filed a state habeas petition and that the petition was denied.  It does not appear that he sought further appellate review. "On habeas review, the court will not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993).

16.  New Mexico Rule of Appellate Procedure 12-501 provides that petitions for writs of certiorari shall be filed within thirty days of the district court's denial of a habeas petition. Consideration of the merits of Reynold's habeas claims by the New Mexico Supreme Court would be barred due to his failure to timely file a petition for certiorari.  Here, Reynolds did not file for certiorari review.  Further, the Court finds that Reynolds is not entitled to review under the cause and prejudice exception to procedural default doctrine nor has be made a colorable showing of factual innocence.  Cause must be something external and not attributable to Reynolds.  *Rodriguez v. Maynard*, 948 F.2d 684, 687 (10th Cir. 1991).  While Reynolds was appearing pro se, this alone does not constitute cause.  Likewise, Reynolds cannot show prejudice because the term of parole was mandated by New Mexico law.  *See* NMSA 1978 § 31-21-10(c).

## **Recommended Disposition**

That the petition be denied and that the actions be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

COUNSEL FOR PETITIONER:
Thomas B. Jameson, Esq.

COUNSEL FOR RESPONDENT:
Max Shepherd, Esq.